UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS SMITH,

                Plaintiff,

  v.                                                Case No. 23-cv-1176-pp

SHELBY WENDRICK, *et al.*,

                Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 11), VACATING JUDGMENT AND ORDER DISMISSING CASE (DKT. NOS. 9, 10), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Thomas Smith, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants had violated his constitutional rights. Dkt. No. 1. On November 9, 2023, the court dismissed the case without prejudice for the plaintiff's failure to pay the initial partial filing fee. Dkt. No. 9. The plaintiff filed a motion to reopen the case in which he explains that he timely submitted a request to his institution for payment of the $16.17 initial partial filing fee. Dkt. No. 11. On January 5, 2024, the court gave the plaintiff more time to pay the initial partial filing fee and ordered that if he paid it by February 5, 2024, the court would grant the plaintiff's motion for reconsideration, reopen the case and screen the complaint. Dkt. No. 13. The court received the fee on February 1, 2024. This order grants the plaintiff's

1

motion for reconsideration, dkt. no. 11, grants his motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens the complaint, dkt. no. 1.

I. **Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On January 5, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $16.17. Dkt. No. 13. The court received that fee on February 1, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

II. **Screening the Complaint**

   A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

2

Case 2:23-cv-01176-PP   Filed 04/01/24   Page 2 of 9   Document 17

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less

stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has sued Shelby Wendrick, FPS Eiting and Justin Segerstrom. Dkt. No. 1 at 1. He alleges that Green Bay Correctional Institution has a very bad mice problem. Id. at 2. He states that he has told Green Bay staff many times about mice coming into his cell from under the door. Id.

The plaintiff alleges that when he noticed that mice had eaten his food, he put some cloth under the cell door to stop the mice from coming into his cell. Id. The defendants allegedly wrote the plaintiff a conduct report for putting the cloth under his cell door and punished him with fourteen days' loss of recreation. Id. at 2-3. The plaintiff states that he has been in his cell on lockdown for the six months prior to the date of his complaint and that he should not have been punished for trying to keep mice out of his cell. He says he complained to staff many times and showed them how the mice are getting into his cell and his food, and they are not doing anything to stop the mice from coming in his cell. The plaintiff states that he found one in his bed, and he was scared to get in the bed. He allegedly keeps telling the defendants and they have done nothing to stop the mice from coming into his cell. Id.

For relief, the plaintiff seeks monetary damages. Id. at 4.

C. Analysis

To establish a constitutional violation with respect to prison living conditions, an incarcerated individual must be able to demonstrate both: (1)

the conditions were so adverse that they deprived him "of the minimal civilized measure of life's necessities" (the claim's objective prong) and (2) the defendants acted with deliberate indifference with respect to the conditions (the claim's subjective prong). Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (quoting Farmer v. Brennan, 511 U.S. 832, 834 (1994)). The necessities of life include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." Gray v. Hardy, 826 F.3d 1000, 1005 (7th Cir. 2016) (quoting Lewis v. Lane, 816 F.2d 1165, 1171 (7th Cir. 1987)). Although "extreme deprivations are required," Delaney v. DeTella, 256 F.3d 679, 683 (7th Cir. 2001), and "routine discomfort[s]" do not suffice, Hudson v. McMillian, 503 U.S. 1, 9 (1992), "[s]ome conditions . . . may establish an Eighth Amendment violation in combination when each alone would not do so," and other conditions that may not be sufficiently serious for a short period of time, "can become an Eighth Amendment violation . . . if endured over a significant time." Gray, 826 F.3d at 1005 (citations omitted). "Deliberate indifference . . . means that the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it." Townsend, 522 F.3d at 773. Establishing that an official acted negligently is not enough. "Instead, the inmate must show that the official received information from which the inference could be drawn that a substantial risk existed, and that the official actually drew the inference." Id.

Pest infestations may form the basis of an Eighth Amendment conditions of confinement claim, but a plaintiff must allege how extensive the infestation

is and how the pests affect him. Smith v. Dart, 803 F.3d 304, 312 (7th Cir. 2015) (finding that "laundry list of pests [present at the Cook County Jail], without more, is not sufficient to state a constitution claim."); see also Antonelli v. Sheahan, 81 F.3d 1422, 1431-32 (7th Cir. 1996) (plaintiff's allegations that cockroaches "were 'everywhere,' 'crawling on his body' (along with mice) and 'constantly awaken[ing]' him, and 'causing the environment to be unsanitary' " stated a cognizable claim under 42 U.S.C. §1983); Gray v. Hardy, 826 F.3d 1000, 1007 (7th Cir. 2016) (plaintiff's evidence of filthy living conditions, an alleged lack of cleaning supplies and prolonged pest infestation in his cell "present[ed] triable issues of fact for a jury [to] determine the degree of both physical and psychological harm he suffered as a result of the infestations and dirt"); White v. Monohan, 316 Fed. App'x 385, 388 (7th Cir. 2009) (unpublished) (though a "close case," plaintiff stated claim where he alleged that bugs, cockroaches, spiders, wasps, and bees bit and stung him so often that he sustained permanent injuries, including scars, wounds, sores, and internal injuries).

The plaintiff may proceed on an Eighth Amendment claim against the defendants in their individual capacities based on allegations that he repeatedly informed them of the mice problem in his cell during a six-month lockdown, including that the mice were eating his food, and that they did not do anything in response to his complaints. The plaintiff may not proceed on a separate claim for being punished for placing cloth under his cell because the punishment he allegedly received—fourteen days' loss of recreation—does not

implicate a liberty interest under the Fourteenth Amendment's due process clause. See Lekas v. Briley, 405 F.3d 602, 607-08 (7th Cir. 2005) (citing Sandin v. Conner, 515 U.S. 472, 483-84 (1995)); see also Hardaway v. Meyerhoff, 734 F.3d 740, 744 (7th Cir. 2013).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for reconsideration. Dkt. No. 11. The court **ORDERS** that the case is **REOPENED**.

The court **ORDERS** that the order and judgment dismissing this case (Dkt. Nos. 9, 10) are **VACATED**. The court will forward a copy of this order to the Financial Department.

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Shelby Wendrick, FPS Eiting and Justin Segerstrom. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$306.83** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the

7

Case 2:23-cv-01176-PP   Filed 04/01/24   Page 7 of 9   Document 17

amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Green Bay Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

8

Case 2:23-cv-01176-PP   Filed 04/01/24   Page 8 of 9   Document 17

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 1st day of April, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**